**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| **Glass Management Services, Inc.**, | Case No. 24-14036 |
| Debtor. | Hon. Janet S. Baer |

### NOTICE OF MOTION

**Please take notice** that on **Wednesday, March 12, 2025, at 9:30 A.M.**, or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable Janet S. Baer, United States Bankruptcy Judge for the Northern District of Illinois, or any judge sitting in that judge's place, either in courtroom 615 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604, or electronically as described below, and present the **Debtor's Motion to Authorize Rule 2004 Examination of Lakeside Alliance, Concrete Collective, Thornton Tomasetti, Inc., the Obama Foundation, W.E. O'Neil, Trice and Others,** a copy of which is attached hereto.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, go to this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is 160 731 2971 and the password is 587656. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

Dated:  March 5, 2025                    **Glass Management Services, Inc.,**


                                          By: /s/ *William J. Factor*
                                          One of Its Proposed Attorneys

William J. Factor (6205675)
Alex Whitt (6315835)
**FACTORLAW**
105 W. Madison Street, Suite 2300
Chicago, IL 60602
Tel:      (312) 878-6976
Fax:      (847) 574-8233
Email:  wfactor@wfactorlaw.com

—2—

## CERTIFICATE OF SERVICE

I, William J. Factor,

☑     an attorney, certify

—or—

☐     a non-attorney, declare under penalty of perjury under the laws of the United States of America

that I served a copy of this notice and the attached motion on each entity shown on the attached list at the address shown and by the method shown on March 5, 2025.

*/s/ William J. Factor*

## SERVICE LIST

**Registrants**
(Service via CM/ECF)

Adam Brief, Ustpregion11.es.ecf@usdoj.gov
Edmond M Burke, eburke@chuhak.com, mvasquez@chuhak.com
Rosanne Ciambrone, rciambrone@duanemorris.com,
autodocketchi@duanemorris.com; rpdarke@duanemorris.com;
jjohnson3@duanemorris.com
Destiny Amber Collins, dcollins@baumsigman.com, dfarrell@baumsigman.com
Gregory A. Eichorn, geichorn@pecklaw.com, emckanna@pecklaw.com
Ama Gyimah, agyimah@centralstatesfunds.org
John F Hiltz, john@lakelaw.com, info@hzhlaw.com;
9719@notices.nextchapterbk.com
Rebecca K. Kaylor, rmcmahon@centralstatesfunds.org
David P Leibowitz, dleibowitz@lodpl.com, ecf@lodpl.com;
lawofficesofdavidpleibowitzllc@jubileebk.net
Amanda E Losquadro, alosquadro@chuhak.com, mvasquez@chuhak.com
Grant Piechocinski, gp@aandklaw.com
Andrew Pigott, apigott@gregoriolaw.com, esanchez@gregoriolaw.com
Edgar A Quintero, equintero@chuhak.com, ytorres@chuhak.com
Adam B. Rome, arome@grglegal.com, abernath@grglegal.com
Donald D Schwartz, dds3662@yahoo.com, dd@aandklaw.com
Julia Jensen Smolka, jsmolka@robbinsdimonte.com, jtronina@robbinsdimonte.com;
mrussell@dimontelaw.com
Blair R Zanzig, bzanzig@lakelaw.com, john@lakelaw.com; david@lakelaw.com;
lgreen@lakelaw.com

—3—

**VIA US MAIL:**

Glass Management Services, Inc.
1945 Ohio St
Lisle, IL 60532-2169

Lakeside Alliance
6001-6121 South Stony Island Avenue
Chicago, IL 60637

Concrete Collective
1245 W Washington Blvd.
Chicago, IL 60607

II in One Contractors, Inc.
c/o Oliver B Fifer, Registered Agent
4344 W 45TH Street
Chicago, IL 60632

W. E. O'Neil Construction Co.
c/o Daniel G Feucht, Registered Agent
1245 W Washington Blvd
Chicago, IL 60607

Thornton Tomasetti, Inc.
c/o Illinois Corporation Service Company, Registered Agent
801 Adlai Stevenson Drive
Springfield, IL 62703-4261

Trice Construction Company
c/o Stephanie Hickman, Registered Agent
438 W 43RD St
Chicago, IL 60609

The Barack Obama Foundation
P.O. Box 779056
Chicago, IL 60677-9056

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| **Glass Management Services, Inc.**, | Case No. 24-14036 |
| Debtor. | Hon. Janet S. Baer |

**DEBTOR'S MOTION TO AUTHORIZE RULE 2004 EXAMINATION OF
LAKESIDE ALLIANCE, CONCRETE COLLECTIVE, THORNTON
TOMASETTI, INC., THE OBAMA FOUNDATION, AND OTHERS**

Glass Management Services, Inc. ("**Debtor**" or "**GMS**"), respectfully requests

an order from this Court authorizing it to conduct Rule 2004 examinations (the

"**Motion**") of Lakeside Alliance, Concrete Collective, II in One Contractors, Inc.,

W.E. O'Neil Construction Co., Trice Construction Company, Thornton Tomasetti,

Inc., and the Obama Foundation, under Fed. R. Bankr. P. 2004. In support of this

Motion, the Debtor states as follows:

**JURISDICTION**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§

157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the

Northern District of Illinois.

2. Venue of the above-captioned case (the "**Case**") and of this Motion is

proper in this Judicial District under 28 U.S.C. §§ 1408 and 1409. This matter is a

core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A) and (O).

**BACKGROUND**

3.      On September 22, 2024, the Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code (11 U.S.C. §§ 101, *et. seq*., the "***Bankruptcy Code***") and is operating as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

4.      GMS is a subcontractor specializing in glass installation and curtain wall systems. On or about May 16, 2022, GMS was engaged by Lakeside Alliance to install glass for a curtain wall system (the "***Glass Work***") on the Obama Presidential Center (the "***Project***"). On information and belief, Concrete Collective is a joint venture formed to provide the concrete work on the Project, and its members are II in One Contractors, Inc., W.E. O'Neil Construction Co., and Trice Construction Company. Lakeside Alliance is the project's general contractor.

5.      Properly installing the glass for the Project (i.e., the Glass Work GMS is providing) requires the proper and timely completion of the concrete work by Concrete Collective, which was responsible for the installation of embedded anchors, blockouts, and other structural supports required for the proper installation of GMS' curtain wall system.

6.      GMS encountered significant project delays, disruptions, and cost overruns, which it has reason to believe may be attributable to the mismanagement, coordination failures, and defective work of Lakeside Alliance, Concrete Collective, and other Project participants. Specifically, GMS has reason to believe that Lakeside Alliance was aware of defects and deficiencies in Concrete Collective's

—2—

work before entering into the subcontractor agreement with GMS. Had GMS known the extent of these issues, it would have engaged with Lakeside Alliance under different terms.

7. GMS' concerns about Lakeside Alliance's conduct were heightened after reviewing a suit filed on January 17, 2025, against the structural engineer on the project, Thornton Tomasetti, Inc. ("Tomasetti"). See Robert J. McGee, Jr., et al. v. Thornton Tomasetti, Inc., et al., Case No. 1:25-cv-00600, pending in the U.S. District Court for the Northern District of Illinois (the "Defamation Litigation").

8. The Defamation Litigation suggests that Tomasetti may have identified and warned of defects in Concrete Collective's work as early as May 2022. That suit also alleges that, despite the warnings, Concrete Collective continued to perform defective work. The Defamation Litigation also provides a basis for investigating whether Lakeside Alliance may have been aware of defects in Concrete Collective's work before GMS signed its subcontract, but Lakeside Alliance failed to disclose those material issues to GMS.

9. GMS's bankruptcy was caused, in part, by significant project delays, cost overruns, and financial harm resulting from defects in Concrete Collective's work.

10. If Lakeside Alliance, as general contractor, was aware of these defects and coordination failures before engaging GMS for the glass work related to the Project, but failed to disclose these issues to GMS before it bid, GMS may have a claim against Lakeside Alliance or others.

—3—

11.     At the time of its bankruptcy filing, GMS was unaware that it may have claims against Lakeside Alliance. Investigating and, if appropriate, prosecuting these claims could result in a significant recovery for GMS's estate, directly benefiting creditors.

## DISCUSSION

12.     Under Bankruptcy Rule 2004, a party-in-interest (including the Debtor) is entitled to examine the acts, conduct, property, liabilities, and financial condition of the Debtor. Naturally, this includes any possible claims the Debtor may have against Lakeside Alliance, Concrete Collective, Tomasetti, the Obama Foundation, or any other Project participants.

13.     Because "the primary purpose of a Rule 2004 examination is to … ascertain the extent and location of the estate's assets," courts recognize that Rule 2004 allows for a "fishing expedition" of parties that had dealings with the debtor without the limits placed upon an examination under the Federal Rules of Civil Procedure.  *See Pontikes v. SIP Claimants (In re Comdisco, Inc.)*, No. 06 C 1535, 2006 WL 2375458, at *6 (N.D. Ill. Aug. 14, 2006); *In re Wilcher*, 56 B.R. 428, 433 (Bankr. N.D. Ill. 1985).

14.     Based on information available to it, GMS believes the following entities have information and documents pertinent to any claims (i.e., assets) CMS may have related to the Project: Lakeside Alliance, Concrete Collective, II in One Contractors, Inc., W.E. O'Neil Construction Co., Trice Construction Company, Thornton Tomasetti, Inc., and the Obama Foundation.

—4—

15.     Therefore, under the plain language of Bankruptcy Rule 2004, the Debtor is entitled to conduct Rule 2004 examinations of these entities, including requesting the production of documents and taking oral examinations.

## NOTICE

16.     Notice of this Motion was provided to the United States Trustee, the Debtor, and the Debtor's Counsel through the CM/ECF system. All potential respondents to Rule 2004 subpoenas were served via U.S. mail with no less than seven (7) days' notice.

**WHEREFORE**, Glass Management Services, Inc. requests that the Court enter an order authorizing 2004 examinations of Lakeside Alliance, Concrete Collective, II in One Contractors, Inc., W.E. O'Neil Construction Co., Trice Construction Company, Thornton Tomasetti, Inc., and the Obama Foundation, and grant any further relief that is appropriate.

Dated: March 5, 2025                     **Glass Management Services, Inc.**


                                         By: /s/ *William J. Factor*
                                         One of Its Proposed Attorneys

William J. Factor (6205675)
Alex Whitt (6315835)
**FACTORLAW**
105 W. Madison Street, Suite 2300
Chicago, IL 60602
Tel:     (312) 878-6976
Fax:     (847) 574-8233

Email:  wfactor@wfactorlaw.com

—5—